UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY WILLIAMS,

        Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

Civ. No. 04-1249-HA

OPINION
AND ORDER

Tim Wilborn
Wilborn & Associates, P.C.
2020-C S.W. 8th Avenue, PMB #294
West Linn, Oregon 97068

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

1 - OPINION AND ORDER

Stephanie R. Martz
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for Defendant

HAGGERTY, Chief Judge:

Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (SSA or the Act), as amended, 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for Social Security disability insurance benefits (DIB) pursuant to 42 U.S.C. § 423. For the reasons provided below, the court concludes that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is reversed and this case is remanded for further proceedings.

## **ADMINISTRATIVE HISTORY**

Plaintiff filed an application for DIB on March 15, 2002, alleging disability as of February 15, 1997. The Commissioner denied plaintiff's application initially and upon reconsideration. On October 17, 2003, a hearing was held before an administrative law judge (ALJ) (the first hearing). However, at the conclusion of the hearing, the ALJ determined that additional medical evidence was necessary. Therefore, a second hearing was held on February 13, 2004 (the second hearing). Plaintiff testified at both hearings, and a vocational expert (VE) testified at the second hearing. Plaintiff was not represented at either hearing.

On March 29, 2004, the ALJ issued a decision finding plaintiff not disabled under the Act and denying her claim for DIB. On July 19, 2004, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.210.

**STANDARDS**

A claimant is disabled for purposes of the Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is so severe that he or she "is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Below is a summary of the five steps:

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not working in a substantially gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. If not, the claimant is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment. Therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

When a determination of disability cannot be made at any of the first three Steps, the Commissioner then determines the claimant's residual functioning capacity (RFC), which is what the claimant can still do despite his or her limitations. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. If so, the claimant is not disabled. If the claimant demonstrates that he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds to Step Five. 20 C.F.R. § 404.1520(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds that the claimant is able to perform other work, the Commissioner must determine the existence of a significant number of jobs in the national economy that the claimant can perform. The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(f)(1); *see also Tackett*, 180 F.3d at 1099.

The burden of proof is on the claimant as to Steps One through Four. *Tackett*, 180 F.3d 1094, 1098 (9th Cir. 1999). At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett,* 180 F.3d at 1098; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). Even if the Commissioner's decision is supported by substantial evidence, however, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Id.*

**THE COMMISSIONER'S DECISION**

At Step One, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. At Step Two, the ALJ determined that plaintiff's fibromyalgia and history of carpal tunnel syndrome were severe impairments. At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.

In determining plaintiff's RFC, the ALJ found that plaintiff could perform limited light activity; could occasionally bend, stoop, crouch, squat, and crawl; and could frequently balance, climb and kneel. Based on this RFC, the ALJ found at Step Four that plaintiff was able to perform her past relevant work as a secretary, patient account representative, and administrative assistant. Therefore, the ALJ found plaintiff not disabled under the Act.

## **DISCUSSION**

Plaintiff argues that the court should remand this case for further proceedings because the Commissioner's decision is based on legal error and not supported by substantial evidence in the record. Specifically, plaintiff argues that the ALJ: (1) failed to properly advise plaintiff about her right to representation; (2) failed to fully and fairly develop the record; (3) improperly rejected opinions of examining physicians; (4) presented a hypothetical question to the VE that was not supported by substantial evidence; and (5) improperly discredited plaintiff's testimony.

**1. Right to representation**

Plaintiff argues that she did not validly waive her right to representation. The hearing on October 17, 2003, began with the following exchange:

> ALJ: Ms. Williams, my name is Dan Hyatt and I am the Administrative Law Judge that has been assigned to hear your case today. I have looked at your exhibits. I think that before we get into that I need to advise you that you do have the right to have an attorney or representative assist you today. Do you know that?
>
> CLMT: Yes, I did know that.
>
> ALJ: Is it your desire to proceed on your own today?
>
> CLMT: Yes.

AR 260.

Plaintiff argues that this did not constitute a valid waiver of her right to representation because the ALJ failed "to ensure that plaintiff is capable of making an informed choice about representation." *See* HALLEX I-2-6-52, *available at* http://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-52.html. Plaintiff contends that the ALJ was required to explain the availability of free legal services and contingency representation, which he did not discuss with plaintiff. Defendant argues that plaintiff's waiver was valid and that, even if it was not, plaintiff has failed to show any prejudice from her lack of representation.

There is no requirement that a claimant be represented, and the "absence of counsel alone is not sufficient ground for remand." *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981). However, where a claimant is not represented, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cox v. Califano,* 587 F.2d 988, 991 (9th Cir. 1978) (quoting *Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972)).

The issue here, therefore, is not whether plaintiff knowingly waived the right to representation. Rather, it is whether, in the absence of representation, the ALJ met the heavy burden imposed by *Cox*. *See Vidal,* 637 F.2d at 714. The ALJ "must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (quoting *Cox,* 587 F.2d at 991). However, lack of representation does not affect the validity of a hearing unless the plaintiff demonstrates that it resulted in prejudice or unfairness in the proceedings. *Id.* Here, plaintiff contends that her lack of representation resulted in prejudice and unfairness because the ALJ failed to fully develop the medical and vocational aspects of the record. In light of the standards stated above, the court must examine plaintiff's assertions

regarding development of the record in order to determine whether her waiver of representation was valid.

## 2. Did the ALJ fail to fully develop the record as to plaintiff's medical sources?

Between 2000 and 2004, Charles May, M.D., a rheumatologist, treated plaintiff for fibromyalgia. Dr. May's letters documenting plaintiff's symptoms and treatment were in the record before the ALJ. However, there was no opinion by Dr. May addressing plaintiff's functional limitations caused by her impairment, and the ALJ himself found the record to be incomplete because of this. At the end of the first hearing, the ALJ told plaintiff that he wanted to send her to a rheumatologist in order to "get an opinion about [her] functional limitations." AR 272. However, instead of sending plaintiff to a rheumatologist, the ALJ sent her to John A. French, M.D., whose specialty area is listed as "Physical Medicine & Rehabilitation Occupational Medicine." AR 246.

As defendant concedes, the Regulations state that the Commissioner "will request a medical source statement about what you can still do despite your impairment(s)," 20 C.F.R. § 404.1513(b)(6). The court finds that the ALJ's failure to obtain such a statement from Dr. May, plaintiff's treating physician and a rheumatologist, resulted in an incomplete record. First, plaintiff's primary allegation of disability is based on fibromyalgia, which falls within Dr. May's specialty area as a rheumatologist. Second, Dr. May was plaintiff's treating physician and, thus, the presumptive source of evidence entitled to the most weight. Third, the ALJ himself acknowledged the need for a rheumatologist to provide an opinion about plaintiff's functional limitations. Finally, because plaintiff was not represented by counsel, the ALJ had a heightened duty to develop the record by requesting the very information he identified as necessary for a complete record.

8 - OPINION AND ORDER

The court also finds that the ALJ's failure to obtain Dr. May's opinion about plaintiff's functional limitations was unfair and prejudicial. Not only did it result in an incomplete record, but the ALJ incorporated the lack of this evidence into his credibility finding regarding plaintiff — the ALJ discredited plaintiff's testimony in part because "Rheumatologist Dr. May has reported no specific limitations imposed by the claimant's fibromyalgia . . . ." AR 19.

**3. Did the ALJ fail to fully develop the vocational aspects of the record?**

Plaintiff also contends that the ALJ failed to fully develop the vocational aspects of the record because he did not include plaintiff's limitations caused by her history of carpal tunnel syndrome in his hypothetical question to the VE. An ALJ may rely on a VE's response to a hypothetical question as a means of determining whether a claimant is able to engage in gainful employment. *Osenbrock v. Apfel,* 240 F.3d 1157, 1162-63 (9th Cir. 2001). The hypothetical question must "set out *all* the limitations and restrictions of the particular claimant, including pain and an inability to engage in certain activities." *Russell v. Sullivan,* 930 F.2d 1443, 1445 (9th Cir. 1991) (citation omitted). If the question fails to do so, the VE's opinion that the claimant can work "has no evidentiary value." *Id.*

Here, the ALJ presented hypothetical questions to the VE at the second hearing, but the ALJ did not include any limitations related to fingering or handling. Plaintiff alleges that she is limited in the use of her hands due to her history of carpal tunnel syndrome, and Dr. French opined that plaintiff was restricted to only occasional fingering and handling. However, the ALJ rejected Dr. French's opinion because plaintiff "testified at the February 2004 hearing that she experiences no limitations in the use of her hands subsequent to her carpal tunnel surgeries." AR 19.

Plaintiff argues that the ALJ mischaracterized her testimony. The actual testimony was as follows:

> [ALJ:] Ms. Williams, let me ask you another question. If you recall correctly, you had your right carpal tunnel release in — about three years ago? In '99?
>
> A Yes.
>
> Q And then on the left you had that in — just last year?
>
> A The 22nd.
>
> Q Okay? And do you have a problem with your right anymore?
>
> A With the first carpal tunnel?
>
> Q Yeah.
>
> A No.
>
> Q Okay. How about the right — or the left?
>
> A Not as far as the carpal tunnel, no.

AR 282.

The ALJ interpreted plaintiff's statements to mean that she was no longer experiencing any limitations in her ability to finger or handle. Plaintiff now asserts that her testimony merely reflected the fact that she has so reduced the use of her hands that she does not use them beyond the point where her limitations are manifested. Thus, plaintiff argues, Dr. French's opinion that she is medically limited to only occasional fingering and handling should have been credited and the hypothetical question to the VE was not complete.

This court need not decide which interpretation of plaintiff's testimony is correct. Because plaintiff alleged disability based, in part, on her carpal tunnel symptoms, the ALJ had

a duty to probe more fully into plaintiff's functional limitations related to this impairment. It is clear that the ALJ failed to fully develop the record as to this issue.

Plaintiff also contends that the ALJ failed to fully develop the record about the amount of fingering and handling required in her past work. In her Work History Report, plaintiff reported that her past work required her to "[w]rite, type or handle small objects" from four to eight hours per day. AR 79-84. As stated above, it was Dr. French's opinion that plaintiff could finger and handle only occasionally. Pursuant to the Regulations, "[o]ccasionally means occurring from very little up to one-third of the time." SSR 83-10. The record does not indicate what degree of handling and fingering was required in plaintiff's past relevant work as usually performed. Plaintiff contends that, according to the Dictionary of Occupational Titles (DOT), such work requires "frequent" handling and/or fingering. Had plaintiff been represented by counsel, it is likely that her lawyer would have elicited further testimony about her limitations in using her hands. It is also likely that, had she been represented, her lawyer would have further examined the VE and revealed relevant information about plaintiff's ability to do her past work. The ALJ failed to probe into these issues and therefore, failed to meet his heightened duty to develop the record.

**4. Remaining issues**

Plaintiff also argues that the ALJ improperly rejected the opinions of Gregory H. Cole, Ph.D., and improperly found plaintiff only partially credible. Because the court remands for further proceedings based on the reasons provided above, it need not address these arguments.

In sum, the court finds that the ALJ's conclusion that plaintiff was able to perform her past work is not supported by substantial evidence in the record because the record as a whole

11 - OPINION AND ORDER

is inadequate. The ALJ failed to meet his heightened duty to fully develop the record of this unrepresented claimant, which caused prejudice and unfairness. Accordingly, further proceedings are necessary before a disability determination can properly be made. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings).

## **CONCLUSION**

Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this ____18_ day of August, 2005.

    _/s/Garr M. King for _____
      ANCER L. HAGGERTY
      United States District Judge